```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Rachel N. Hendricks,            :

      Plaintiff,            :        Case No. 2:14-cv-0040

    v.                          :

Jacob J. Lew, et al.,           :        JUDGE ALGENON L. MARBLEY
                                                     Magistrate Judge Kemp

      Defendants.           :

### REPORT AND RECOMMENDATION AND ORDER

    On January 13, 2014, the Court received an application to proceed <u>in forma pauperis</u> and a complaint from plaintiff, Rachel N. Hendricks, who seeks to pursue employment discrimination claims against the defendants.  She has also requested the appointment of counsel.  For the following reasons, it will be recommended that the motion for leave to proceed <u>in forma pauperis</u> be denied, and the motion for appointment of counsel will be denied.

    Ms. Hendricks' application to proceed <u>in forma pauperis</u> shows that she receives a substantial monthly retirement income. It also shows other income from various sources within the last twelve months and lists assets including real property and accounts, the value of which, taken together, appears to exceed $100,000.00.  The list of creditors is modest and would indicate that Ms. Hendricks has a positive monthly cash flow in addition to her substantial assets.

    The legal standard for being permitted to proceed <u>in forma pauperis</u> under 28 U.S.C. §1915(a) is set forth in <u>Adkins v. E.I. DuPont de Nemours Co.</u>, 335 U.S. 331, 349 (1948).  There, the Supreme Court indicated that an affidavit of poverty under that statutory section was sufficient if it stated that the plaintiff

could not pay the filing fee without depriving herself or her dependents of the necessities of life.  Although total destitution is not required to proceed in forma pauperis, paying the filing fee must be more than a mere hardship.  Martin v. Gulf States Utilities Co., 21 F. Supp. 757 (W.D. La. 1963).  Consequently, unless it is apparent that the "one-time payment of $150.00 [now $400.00] will render [the plaintiff] unable to provide for herself and her dependants" Bright v. Hickman, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000), in forma pauperis status cannot be granted.

    In this case, it appears that Ms. Hendricks has sufficient monthly income and assets to afford a one-time $400.00 filing fee without being deprived of the necessities of life.  Under those circumstances, it is recommended that the Court deny her application for leave to proceed in forma pauperis (Doc. 1) and in that order provide that if she wishes this case to proceed, she must remit the $400.00 filing fee within 30 days.

    Ms. Hendricks has also moved for the appointment of counsel.  Her motion explains that she has made efforts to obtain counsel but has been unsuccessful.  In a case brought under Title VII of the Civil Rights Act of 1964, the Court does have the authority to appoint counsel.  See 42 U.S.C. §2000e-5(f)(1), which states in part that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant ...."  Appointment is somewhat of a misnomer; all the Court can do is request an attorney to consider representing the plaintiff.  The Court should do so when the purpose of this statute, which is to "to allow indigent plaintiffs to enjoy equality in representation when compared to those possessing adequate financial resources to protect their rights," see Woods v. Bentsen, 869 F.Supp. 179, 183 n.4 (E.D. Pa. 1995) would be furthered.  The Court must also weigh factors such

as the plaintiff's likelihood of success (or, at the very least, of establishing a substantial claim) and his or her ability to present the case. See, e.g., Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

As noted, Ms. Hendricks is not exactly indigent. Her motion for the appointment of counsel explains that various attorneys refused the case because she would not agree to pay either their requested retainer or hourly fees, but it does not demonstrate her inability to do so. Further, at this stage of the case, the Court does not have enough information to determine if her claims have potential merit or that she cannot pursue the claims without the assistance of counsel. For these reasons, her motion for appointment of counsel (Doc. 2) will be denied at this time, although she is free to renew it later in the case.

Based on the reasons set forth above, it is **RECOMMENDED** that the motion to proceed in forma pauperis (Doc. 1) be denied. Further, the motion for appointment of counsel (Doc. 2) is denied at this time.

## PROCEDURE ON OBJECTIONS

If plaintiff objects to the Report and Recommendation relating to the motion to proceed in forma pauperis, she may, within fourteen days of the date of this Report, file written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1). Plaintiff is specifically advised that failure to

object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

If Plaintiff wishes to seek reconsideration of the order denying her motion for appointment of counsel, she may, within fourteen days after this Order is filed, file a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

/s/ Terence P. Kemp
United States Magistrate Judge