**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RACHEL N. HENDRICKS,** | : | |
| | : | **Case No. 2:14-cv-0040** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **JACOB J. LEW,** *et al.***,** | : | **Magistrate Judge Kemp** |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter is before the Court on Plaintiff's Objections (Doc. 5) to Magistrate Judge

Kemp's February 6, 2014 Report and Recommendation and Order (Doc. 3).  The Magistrate

Judge recommended that the Court deny Plaintiff's motion to proceed *in forma pauperis* (Doc.

1), and denied Plaintiff's motion for appointment of counsel (Doc. 2). Upon independent review

by the Court, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's

Objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I.       BACKGROUND

Plaintiff Rachel Hendricks seeks to pursue employment discrimination claims against the

Defendants.  (*See* Doc. 1 at Complaint, Cover Sheet).  Plaintiff moved to proceed *in forma*

*pauperis* (Doc. 1), and moved for appointment of counsel (Doc. 2).  The Magistrate Judge

recommended that the Court deny Plaintiff's motion to proceed *in forma pauperis* because

Plaintiff has sufficient monthly income and assets to afford a one-time $400.00 filing fee without

being deprived of the necessities of life.  (Doc. 3 at 2).

In her objections to the Magistrate Judge's Report and Recommendation and Order,

Plaintiff argues that, although the value of her assets and various sources of income exceed

$100,000, one of the asset's "funds" has not reached final maturity, and another asset is used only to generate interest for income. (Doc. 5 at 1). Plaintiff argues that using money from these assets to pay filing or attorney fees may result tax consequences, and will lower the amount of income the assets generate. (*Id.*). Thus, Plaintiff argues, these assets should not be included in the determination of her income and assets for the purposes of her motion to proceed *in forma pauperis*. (*Id.*).

With respect to the Magistrate Judge's order denying Plaintiff's Motion for Appointment of Counsel, Plaintiff argues that the Magistrate Judge should have granted her motion not only because of the high cost of retainer fees and hourly rates, but also because she was unable to locate an attorney with the experience and time to handle her case. (*Id.* at 1–2). Plaintiff also contends that because she is bringing her claim against a federal agency which is funded through tax dollars it is unfair that she, as a taxpayer, is effectively paying for the agency's representation, while she has to pay costly attorney fees or act *pro se*. (*Id.* at 2).

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Fed. R. Civ. P. 72(a) provides for reconsideration by this Court of orders of the Magistrate Judge on nondispositive matters. Rule 72(a) provides that, in considering objections to such orders, the Court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly

erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.' In the absence of clear error, the magistrate's order must stand." *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (internal citations omitted).

### III.    ANALYSIS

The Court has made a *de novo* review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendation (Doc. 3) and the Plaintiff's Objection to this Report and Recommendation (Doc. 5), as well as a thorough review of this Court's file and applicable law, this Court adopts the Report and Recommendation on Plaintiff's motion to proceed *in forma pauperis* in its entirety.

Further, the Court finds no evidence to demonstrate that a mistake has been committed and, consequently, the Court finds Magistrate Judge Kemp's order denying Plaintiff's motion to appoint counsel neither clearly erroneous nor contrary to law. *See* Rule 72(a); 28 U.S.C. § 636(b)(1)(A).

For these reasons, Plaintiff's Objections are hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. If Plaintiff wishes to proceed with the case, she must remit the $400.00 filing fee within 30 days.

**IT IS SO ORDERED.**


    **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATED:  October 24, 2014**